UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRANDON C. PRIES,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>OFFICER TOBY BRYER and OFFICER JOSEPH DOTSON,<br><br>　　　　　Defendants. | NO:  2:14-cv-00298-SAB<br><br>**ORDER RE DEFENDANTS' MOTION TO DISMISS AND MOTION FOR JUDICIAL NOTICE** |

Before the Court is Defendants' Motion to Dismiss for Failure to State a Claim and Motion for Judicial Notice. ECF No. 18. Defendants originally filed their motion on May 5, 2015 but failed to properly serve it on the Plaintiff. Defendants corrected this defect and their motion was served on June 16, 2015. ECF No. 22. This motion was heard without oral argument.

*Facts*

Plaintiff Brandon C. Pries alleges that on October 19, 2013, he was located at Freeway Park when he saw a police patrol car. Upon spotting the police, Plaintiff began to leave the park on his bicycle. Officers Bryer and Dotson instructed the Plaintiff to stop—an order Plaintiff ignored. The Officers caught up to Plaintiff three blocks away and placed him into handcuffs. The Officers provided Plaintiff's information to dispatch and were informed he had an

**ORDER RE DEFENDANTS' MOTION TO DISMISS
AND MOTION FOR JUDICIAL NOTICE**~ 1

outstanding Department of Corrections warrant. A subsequent search of Plaintiff revealed two bags of suspected methamphetamine. Plaintiff was booked for possession of a controlled substance and for the outstanding warrant.

On June 6, 2014, a Spokane County Superior Court Judge suppressed the evidence seized after Plaintiff was handcuffed finding the Officers lacked reasonable suspicion to stop the Plaintiff. Several months later, the possession of a controlled substance charge was dismissed by the prosecuting attorney. Plaintiff pleaded guilty to Escape from Community Custody and was convicted of Failing to Register as a Sex/Kidnapping Offender. He was sentenced to forty-five months imprisonment.

Plaintiff brought suit against the Spokane Police Department, Officer Toby Bryer, Officer Joesph Dotson and Chief of Police Frank Staub, for illegal arrest and detention. This Court ordered Plaintiff to amend or dismiss his complaint. ECF No. 8. Plaintiff's First Amended Complaint, ECF No. 10, removed the Spokane Police Department and Chief Staub as defendants and characterized his claims as violations of the Fourth Amendment for an illegal arrest and an illegal search and seizure, presumably under 42 U.S.C. § 1983. Defendants filed an Answer, ECF No. 17, and a Motion for Judicial Notice and to Dismiss for Failure to State a Claim. ECF No. 18.

### *Motion Standard*

A Federal Rule of Civil Procedure Rule 12(b)(6) motion to dismiss for failure to state a claim must be filed prior to a responsive pleading. *Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 954 (9th Cir. 2004). When, as here, a party has filed an answer before filing a motion to dismiss, the Court construes the motion as a Rule 12(c) judgment on the pleadings. *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980). In reviewing a Rule 12(c) motion, the Court views the

facts in the light most favorable to the non-movant—in this case, the Plaintiff. *Hoeft v. Tucson Unified Sch. Dist.*, 967 F.2d 1298, 1301 n.2 (9th Cir. 1992).

The Court will grant judgment on the pleadings when there is no issue of material fact in dispute and the moving party is entitled to judgment as a matter of law. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). This standard is "substantially identical" to the Rule 12(b)(6) standard. *Chavez v. United States*, 683 F. 3d 1102, 1108 (9th Cir. 2012). Accordingly, the Court must determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 678 (2009).

*Analysis*

Judicial Notice

Defendants move the Court to take judicial notice of Plaintiff's 1) Felony Judgment and Sentence from October 15, 2014; 2) Warrant of Commitment dated October 15, 2014; 3) the Findings of Fact and Conclusions of Law dated November 18, 2014; 4) Warrant of Commitment dated November 18, 2014; and 5) Felony Judgment and Sentence Prison dated November 18, 2014. Plaintiff previously attached the Findings of Fact and Conclusions of Law dated June 20, 2014, to his First Amended Complaint. ECF No. 10.

Ordinarily, when matters outside the pleadings are presented, the Court must treat the motion as a Rule 56 motion for summary judgment. Fed. R. Civ. P. 12(d). The Ninth Circuit, however, has set out two situations where a court may properly consider evidence outside of the pleadings for a Rule 12(b)(6) or Rule 12(c) motion. First, a court may consider material submitted as part of the complaint .*See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). Second, a court may take judicial notice of matters of public record. *Id.* Here, Plaintiff attached the June 20, 2014 Findings of Fact and Conclusions of law to his First Amended

**ORDER RE DEFENDANTS' MOTION TO DISMISS AND MOTION FOR JUDICIAL NOTICE** ~ 3

1 Complaint, satisfying the first exception. Additionally, all of the materials that
2 Defendants submit, as well as the June 20, 2014 Findings of Fact and Conclusions
3 of Law, are matters of public record—falling under the second exception.
4 Accordingly, the Court finds it appropriate to take judicial notice of the materials
5 listed above.

Judgment on the Pleadings

Defendants' motion relies solely on the argument that *Heck v. Humphrey* bars Plaintiff's claims for unlawful arrest and illegal search and seizure. 512 U.S. 477 (1994). In *Heck*, the Supreme Court held a Plaintiff could not recover under § 1983 if a finding in his favor would necessarily imply the invalidity of his criminal conviction or sentence. 512 U.S. at 486-87. If, however, the plaintiff's action, if successful, would not demonstrate the invalidity of a criminal judgment against the plaintiff, the claim should otherwise be allowed to proceed. *Id*. In this case, Plaintiff's relevant convictions are for Escape from Community Custody, and Failing to Register as a Sex/Kidnapping Offender.

The facts, as presented by Plaintiff, assert that he was placed in handcuffs when the officers caught up to him a few blocks from the park. According to the June 20, 2014 Findings of Fact and Conclusions of Law, there was no reasonable suspicion to conduct the stop that resulted in Plaintiff's arrest. Although Plaintiff's custody began during this allegedly illegal stop, it is unclear how a finding that the arrest and search and seizure was illegal would undermine the legitimacy of Plaintiff's convictions and current imprisonment. In fact, a Superior Court judge already made such a finding *before* Plaintiff was convicted of the relevant charges. Nothing in Plaintiff's complaint resembles a collateral challenge to his convictions and Defendants have not made clear how a finding for Plaintiff would necessarily undermine the legitimacy of his convictions and imprisonment. Accordingly, Defendants' motion for judgment on the pleadings, ECF No. 18, must be denied.

**ORDER RE DEFENDANTS' MOTION TO DISMISS
AND MOTION FOR JUDICIAL NOTICE** ~ 4

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendants' Motion to Dismiss for Failure to State a Claim, ECF No. 18, is **DENIED**.

2. Defendants' Motion for Judicial Notice, also ECF No. 18, is **GRANTED.**

**IT IS SO ORDERED**. The District Court Executive is directed to enter this order and forward a copy to the counsel and Plaintiff.

**DATED** this 25th day of August 2015.



_____
Stanley A. Bastian
United States District Judge

**ORDER RE DEFENDANTS' MOTION TO DISMISS AND MOTION FOR JUDICIAL NOTICE**~ 5